**FOURTH DIVISION**
**ELLINGTON, P. J.,**
**BRANCH and MERCIER, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**October 7, 2016**

# In the Court of Appeals of Georgia

A16A2010. ANDERSON v. THE STATE.

ELLINGTON, Presiding Judge.

A DeKalb County jury found Jamese Anderson guilty of identity fraud, OCGA § 16-9-121 (a). Anderson appeals from the denial of his motion for a new trial, contending that the evidence was insufficient to support his conviction beyond a reasonable doubt. Finding no reversible error, we affirm the judgment of conviction.

> On appeal from a criminal conviction, the evidence must be viewed in the light most favorable to the verdict, and the appellant no longer enjoys the presumption of innocence; moreover, an appellate court does not weigh the evidence or determine witness credibility but only determines whether the evidence is sufficient under the standard of *Jackson v. Virginia*, [443 U. S. 307 (99 SCt 2781, 61 LE2d 560) (1979)]. As long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the State's case, the jury's verdict will be upheld.

*Bradford v. State*, 327 Ga. App. 621 (760 SE2d 630) (2014). So viewed, the record shows the following.

In late November of 2012, Anderson was introduced to the victim in this case, by the victim's sister. Anderson told the victim that he had a cell phone distribution business and he asked the victim for help organizing it and setting up Excel spreadsheets. Anderson also told the victim that he could help him get a good deal on a new cell phone. The victim's contract with Verizon expired in December, so he accepted Anderson's offer.

Anderson told the victim he could get him a Samsung phone with service through T-Mobile. Anderson asked for and received the victim's personal information, including his social security and driver's license numbers, so that he could apply for the victim's new phone and service. Anderson also asked for the victim's Verizon PIN number so that he could transfer the victim's phone number to the new carrier. When his new phone failed to arrive as promised, the victim called Anderson, but Anderson did not respond.

A few days later, the victim discovered Anderson waiting outside his house for a box to be delivered. The box contained a phone, and Anderson told the victim that

he needed to take the phone to swap out a SIM card so that the victim could keep his old phone number. Anderson took the phone, promising to return it later that night; however, he never delivered the phone as promised.

The victim called Verizon to find out what was happening with his account and Verizon informed him that his account had been upgraded to a family plan and that nine new phone lines had been added. Further, the billing address on his account had been changed to an address that the victim did not recognize, an address the police later determined belonged to Anderson. Verizon informed the victim that he had outstanding charges of $4,281.39 on his account for new phones and services. The victim testified that he had not authorized any of the additions to his Verizon account; in fact, the account was supposed to have been closed.

OCGA § 16-9-121 (a) (1) provides that "[a] person commits the offense of identity fraud when he or she willfully and fraudulently[,] . . . [w]ithout authorization or consent, uses or possesses with intent to fraudulently use identifying information concerning a person[.]" As used in this statute, the term "identifying information" refers to any numbers (such as driver's license, social security, account, and PIN numbers) or other information which can be used to access a person's "resources."

3

OCGA § 16-9-120 (5). The term "resources," includes, but is not limited to, a person's charge accounts. OCGA § 16-9-120 (6) (B).

The evidence in this case was sufficient to allow the jury to find, beyond a reasonable doubt, that Anderson willfully and fraudulently used the victim's personal identifying information to obtain goods and services through the victim's Verizon account without the victim's authorization. Although Anderson acquired the victim's personal information with the victim's consent, Anderson was only authorized to use that information to obtain a new phone and to set up phone service for the victim. The evidence shows that Anderson did not comply with the victim's request; instead he used the victim's personal identifying information in an unauthorized manner, that is, to obtain $4,281.39 in goods and services for himself. This evidence is sufficient to support the jury's guilty verdict beyond a reasonable doubt. See *Zachery v. State*, 312 Ga. App. 418, 420 (1) (718 SE2d 332) (2011) (The evidence was sufficient to show that the defendant committed identity fraud by using, without consent, the victim's federal tax identification number as part of a credit card application to obtain temporary charge passes, which the defendant then used to purchase merchandise.).

*Judgment affirmed. Branch and Mercier, JJ., concur.*

4